# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SAMUEL FRANKLIN CREWS,

        Petitioner,

vs.                               Case No.:    3:15-cv-837-J-34MCR
                                                     3:13-cr-230-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Samuel Franklin Crews's Verified Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 15, Amended Motion to Vacate)[1] and Memorandum of Law in Support (Civ. Doc. 12, Memorandum). The United States has responded (Civ. Doc. 26, Response), and Crews has filed a reply (Civ. Doc. 35, Reply). The case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of the claims Crews is pursuing in this action.  See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or

---

[1]    Citations to the record in the underlying criminal case, <u>United States v. Samuel Franklin Crews</u>, Case No. 3:13-cr-230-J-34MCR, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, 3:15-cv-837-J-34MCR, will be denoted "Civ. Doc. __."

[2]    Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Crews's Amended Motion to Vacate is due to be denied.

## I.    Background

On December 18, 2013, a grand jury sitting in the Middle District of Florida indicted Crews on three counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). (Crim. Doc. 1, Indictment). Following his arrest, Crews moved to suppress incriminating statements he had made to law enforcement, claiming they were taken in violation of the Fifth Amendment and Miranda v. Arizona, 384 U.S. 436 (1966). (Crim. Doc. 26, Motion to Suppress). A United States Magistrate Judge conducted an evidentiary hearing on the Motion to Suppress on July 17, 2014. (Crim. Doc. 54, Suppression Hearing Transcript, Volume I; Crim. Doc. 56, Suppression Hearing Transcript, Volume II). After the hearing, the Magistrate Judge issued a report and recommendation, in which he recommended that the Court deny the Motion to Suppress. (Crim. Doc. 58, Report and Recommendation). Crews did not file objections to the Report and Recommendation, and after review, the Court adopted it and denied the Motion to Suppress. (Crim. Doc. 68, Order Denying Motion to Suppress).

---

[3]     Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

Thereafter, Crews pled guilty to Count Two of the Indictment under a written plea agreement. (Crim. Doc. 81, Plea Agreement; Crim. Doc. 99, Change of Plea Transcript ["Plea Tr."]). Crews admitted that he knowingly searched for and downloaded images of child pornography on his computer via the internet. Plea Agreement at 2, 14-20; Plea Tr. at 18-24, 24-26. In exchange for his guilty plea, the United States agreed to dismiss Counts One and Three of the Indictment, id. at 3, ¶ 4, and to recommend as much as a three level reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines, id. at 3-4, ¶ 6. When entering his guilty plea before the Magistrate Judge, Crews stated under oath that he pled guilty because he was in fact guilty, and that he did so knowingly and voluntarily. Plea Tr. at 17, 26-27; see also Plea Agreement at 11-12, ¶¶ 9-10. Crews agreed that by pleading guilty, he waived the right to challenge the manner in which the government obtained any statement or evidence against him. Plea Tr. at 7. Crews further stated that he was satisfied with his attorney and the way his attorney had represented him. Plea Tr. at 27. Satisfied with the plea colloquy, the Court accepted Crews's plea of guilty and adjudicated him as such. (Crim. Doc. 84, Acceptance of Plea).

At the sentencing hearing, the Court determined that Crews's total offense level was 34 and his criminal history category was II, yielding an advisory sentencing range of 168 to 210 months in prison under the Sentencing Guidelines. (Crim. Doc. 97, Sentencing Transcript ["Sent. Tr."] at 5). After hearing argument from the United States and Crews, the Court varied significantly below the Guidelines range and imposed a sentence of 92 months in prison. Id. at 40; (Crim. Doc. 93, Judgment). Crews did not file a notice of appeal thereafter.

## II.     The Amended Motion to Vacate[4]

Crews initially raised three grounds in his Amended Motion to Vacate. In Ground One, Crews alleges that his counsel, Stephen Mosca, gave ineffective assistance by failing to file a requested notice of appeal. Amended Motion to Vacate at 6. The Court determined that an evidentiary hearing was warranted to resolve this claim and referred the claim to the assigned Magistrate Judge to conduct such a hearing and prepare a report and recommendation as to the resolution of the claim in Ground One. (Civ. Doc. 36, Order Referring Ground One for Evidentiary Hearing). However, after consulting his Court-appointed lawyer, Crews moved to withdraw this claim. (Civ. Doc. 48). The Court granted the Motion to Withdraw Ground One, and as such the Court will not address it further. (Civ. Doc. 49, Order Dismissing Ground One). In Ground Two, Crews asserts three subclaims: he alleges that counsel was ineffective because he (a) "affirmatively misrepresent[ed] to Petitioner that the Petitioner's forensic computer expert would not provide favorable testimony concerning the Petitioner's primary defense that the child pornography files found in the unallocated space of the hard drive of Petitioner's computer did not have metadata to establish the government's purported proof concerning the dates when the child pornography was viewed and deleted"; (b) failed to file objections to the Report and Recommendation on the Motion to Suppress; and (c) advised Crews to plead guilty despite Crew's claims of actual innocence, "even if it would require Petitioner to falsely admit guilt at the change of plea hearing." Amended Motion to Vacate at 8-9. Additionally, in Ground

---

[4]     On April 29, 2016, the Court appointed counsel to represent Crews in pursuing habeas relief in this action. (Civ. Doc. 7, Order Appointing Counsel). The Court also directed counsel to file an amended motion to vacate, which counsel did. (See Civ. Doc. 15, Verified Amended Motion to Vacate; Civ. Doc. 12, Memorandum).

Three Crews asserts that counsel was ineffective because he "failed to comply with Petitioner's request to file a motion to withdraw his guilty plea due to actual innocence." Id. at 11.

The United States opposes the Amended Motion to Vacate. In particular, the United States counters that the transcripts of the plea colloquy and the sentencing hearing refute Crews's professions of innocence. The United States also responds that Crews has provided nothing to corroborate the claim that his computer forensic expert, Richard Connor, was prepared to testify favorably for him or that counsel misled Crews regarding Connor's opinion. As such, the United States asserts that the Court should deny the Amended Motion to Vacate.

## III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

## A. Ground Two

### 1. Subclaim One: Counsel's Alleged Ineffectiveness in Misrepresenting to Crews Whether His Computer Forensic Expert Would Provide Favorable Testimony

Contrary to his sworn statements at the plea colloquy, Crews now claims that he is actually innocent, and that the child pornography on his computer must have belonged to the computer's previous owner, not him. Memorandum at 6, 7. Crews claims that a computer forensics expert, Richard Connor, would have testified in support of this theory. According to Crews, Connor would have testified that the FBI had no way to prove that the pornographic files in unallocated space on Crews's hard drive wound up there as a result of deletions he made while the computer was in his custody. Id. at 6. Crews claims his attorney told him one month before trial, however, that Connor had recanted his opinion, and that he could not refute the FBI's forensic evidence. Id. Crews states that two weeks before he filed the Amended Motion to Vacate,

> he learned … from Mr. Connor that he did not recant his proposed testimony to Mr. Crews's counsel and that he was still of the opinion that the incriminating data concerning titles and dates of deletion of the child pornography files could not have been extracted from the unallocated space of the hard drive as stated by the government agents.

Id. at 6-7. As a result, Crews claims that his counsel misrepresented Connor's opinion to him, causing him to plead guilty when he was actually innocent. Id. at 7. Notably though, Crews has never presented any affidavit, statement, report, or other evidence to corroborate this allegation, despite his claim of receiving communication directly from Connor just two weeks before filing the Amended Motion to Vacate.

This claim fails because it has no evidentiary support and is refuted by the record. Crews's claim that Connor would have testified in support of his theory of innocence, and

that Connor contacted him to deny recanting his opinion, is unsubstantiated. Crews provides no statement or affidavit from Connor to support the claim. Crews does not even attach the communication he allegedly received from Connor just two weeks before he filed the Amended Motion to Vacate. Thus, the allegation lacks credibility as it consists only of Crews's self-serving statements, void of any independent verification. See Andrews v. United States, 634 F. App'x 259, 262 (11th Cir. 2015) (affirming denial of defendant's motion for new trial where the allegations in his affidavit were not substantiated by any objectively credible source) (citing United States v. Calderon, 127 F.3d 1314, 1354 (11th Cir. 1997)); see also United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").

Second, Crews's claim that he was actually innocent, and therefore would not have pled guilty but for counsel misrepresenting Connor's opinion, is contradicted by the record. While under oath at the plea colloquy, Crews stated that he pled guilty because he was in fact guilty. Plea Tr. at 17; see also Plea Agreement at 12, ¶ 10. Crews admitted that he used specific search terms to seek out and download child pornography, that he viewed such files, and that he later deleted them. Plea Tr. at 18-24; Plea Agreement at 16-20. When the government finished reading the factual basis, Crews stated he had no disagreement with it. Plea Tr. at 24. Crews further admitted that his actions satisfied each of the elements of the offense of receiving child pornography. Plea Tr. at 24-26; Plea Agreement at 14-15. When asked whether he was pleading guilty knowingly and

voluntarily, Crews affirmed that he was, and that he had not been coerced or induced into doing so. Plea Tr. at 26-27. Thus, the record affirmatively refutes Crews's claim that he was actually innocent, and that he pled guilty only because his attorney told him that Connor had recanted his testimony.[5]

A prisoner often "has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." Blackledge v. Allison, 431 U.S. 63, 71-72 (1977). Therefore, to preserve the certainty and efficiency of plea bargaining, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74. Indeed, "there is a strong presumption that the statements made during the plea colloquy are true." United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74. A prisoner who has made statements at a plea colloquy "'bears a heavy burden to show his statements were false.'" Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) (quoting United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)). Crews's incredible and unverified allegations fall far short of demonstrating that his sworn statements at the plea

---

[5]    Additionally, Crews's recently minted claim of innocence ignores several other pieces of evidence: (1) investigators determined that a host computer using an internet protocol address belonging to Crews was sharing and making available child pornography on a file sharing network, (2) investigators were able to connect with the computer at Crews's residence and download child pornography from it, (3) together with Crews's internet service provider, investigators identified pornographic videos that were downloaded during the time period of Crews's internet access, and (4) a forensic examination of Crews's computer revealed that a file folder named "Users/Crews" contained thumbnail images of child pornography. Response at 13-14; (see also Civ. Doc. 26-4, Discovery Letter).

colloquy were untrue. Regardless of what counsel might have told Crews about Connor's opinion, Crews's statements under oath show that he knowingly and freely pled guilty because he had in fact committed the crime alleged in Count Two of the Indictment. Thus, subclaim one of Ground Two does not merit relief.

### 2. Subclaim Two: Whether counsel was ineffective for failing to file objections to the Report and Recommendation on the Motion to Suppress

In Subclaim Two of Ground Two, Crews alleges that counsel gave ineffective assistance by failing to timely file objections to the Report and Recommendation on his Motion to Suppress. As noted before, Crews moved to suppress inculpatory statements he made to the police, alleging they were taken in violation of Miranda and the Fifth Amendment. Following a suppression hearing, a Magistrate Judge issued a Report and Recommendation, in which he recommended that the Motion to Suppress be denied. The record reflects that counsel did not file objections to the Report and Recommendation. After review, the Court adopted the Magistrate Judge's recommendation and denied the Motion to Suppress. In support of the claim for relief, Crews submitted a letter from counsel in which counsel acknowledges that he missed the deadline for filing objections to the Report and Recommendation. (Civ. Doc. 4-2, Letter from Counsel).

A prisoner can prove that counsel gave ineffective assistance if his attorney unreasonably failed to move to suppress evidence (or in this case, failed to file objections to a Report and Recommendation on the motion). See Kimmelman v. Morrison, 477 U.S. 365, 374–75 (1986). To do so, the prisoner must show three things: (1) that a constitutional violation actually occurred, such that the motion to suppress or objections would have had merit, (2) that it was objectively unreasonable for counsel not to file the motion to suppress

(or objections), and (3) that there is a reasonable probability the outcome of the case would have been different absent the excludable evidence. See id. at 375, 382.[6] If no constitutional violation occurred, then a defendant was not prejudiced by counsel's failure to file the motion or objections. See Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing Kimmelman, 477 U.S. at 375).

Here, the Court assumes that counsel performed deficiently by missing the deadline to file objections to the Report and Recommendation. Nevertheless, Crews is not entitled to relief for two reasons. First, Crews proceeded to plead guilty after counsel missed the deadline to file objections. A knowing and voluntary guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction," including a claim of pre-plea ineffective assistance of counsel. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). Here, the record of the plea colloquy shows that Crews knowingly and voluntarily pled guilty, after having been thoroughly advised of his rights, the charges, and of the nature and consequences of pleading guilty. See Plea Tr. at 5-27. Crews specifically acknowledged that by pleading guilty he waived the right to challenge the manner in which the government obtained any evidence or statement against him. Id. at 7. In other words, Crews pled guilty aware that doing so meant he waived any further argument that the government illegally obtained his statements. The instant claim regarding counsel's failure to preserve the suppression issue "is not about his decision to plead guilty." Wilson, 962 F.2d at 997; see also McMann v. Richardson, 397 U.S. 759, 770 (1970) (attorney's

---

[6]      Kimmelman involved an attorney who failed to file a motion to suppress on Fourth Amendment grounds, not for a violation of Miranda and the Fifth Amendment. Kimmelman also involved the failure to file any motion to suppress, rather than a failure to file objections to a report and recommendation on a motion to suppress. However, the Court sees no reason why the same type of framework would not apply to these facts.

misjudgment about the admissibility of the defendant's confession did not invalidate a guilty plea that was otherwise based on competent advice). Indeed, nothing about counsel's failure to file objections to the Report and Recommendation negates Crews's sworn statements at the plea colloquy reflecting that his plea was a free and informed choice, and that he did so because he was indeed guilty. <u>See</u> Plea Tr. at 17, 26-27.[7] Therefore, Crews's knowing and voluntary guilty plea waives his ineffective assistance claim regarding counsel's failure to follow through on the Motion to Suppress.

Next, Crews is not entitled to relief because he has failed to establish that counsel's failure to file objections prejudiced him. The Magistrate Judge recommended that the Court deny the Motion to Suppress because Crews was not in custody for purposes of <u>Miranda</u> when he made incriminating statements to police officers. Report and Recommendation at 7-15. While police initially entered Crews's residence forcefully with their weapons drawn, and the officers briefly handcuffed him, the evidence established that this was done to protect the officers' safety only while they executed the search warrant. <u>Id.</u> at 10. After the officers finished executing the warrant, but before they asked Crews any questions, the officers un-handcuffed Crews and informed him he was not under arrest. <u>Id.</u> at 10-11. The Magistrate Judge recommended that Crews was not in custody <u>at the time he made the incriminating statements</u> because he was not handcuffed, he had agreed to speak to the police, he had been advised he was not under arrest, he was interviewed for less than an hour, and he was interviewed in the front seat of an unmarked, unlocked government vehicle just outside his residence. <u>Id.</u> at 10-14. Nowhere in the Amended Motion to Vacate,

---

[7]     Likewise, to the extent Crews suggests that counsel's failure to file objections to the Report and Recommendation rendered his guilty plea involuntary, his sworn statements at the plea colloquy prove otherwise.

the Memorandum, or the Reply does Crews address how the Magistrate Judge's findings of fact and conclusions of law were erroneous. Nor was the Magistrate Judge's analysis in the Report and Recommendation erroneous, as reflected by the fact that the Court adopted the recommendation following an independent review of the record. See generally Order Denying Motion to Suppress.

Kimmelman requires that a defendant establish the existence of a constitutional violation as a threshold matter. 477 U.S. at 375. A lawyer's failure to litigate a motion to suppress is not prejudicial if no constitutional violation occurred in the first place. See Castillo, 816 F.3d at 1303. Crews provides no basis to support a conclusion that the Report and Recommendation was incorrect or that his objections would have prevailed even had counsel filed them.[8] Indeed, he does not even state what his objections would have been. In other words, Crews has made no showing that a Miranda violation occurred and that his statements would have been excluded had counsel filed any objections. Accordingly, Crews is not entitled to relief on this subclaim.

### 3. Subclaim Three: Whether counsel advised Crews to falsely admit guilt at the plea colloquy, despite Crews's claims of actual innocence

In the third subclaim of Ground Two, Crews claims that counsel was ineffective because he "advis[ed] Petitioner that Petitioner should plead guilty despite Petitioner's claims of actual innocence, even if it would require Petitioner to falsely admit guilt at the change of plea hearing." Amended Motion to Vacate at 9. In support of this claim, Crews states that despite his professions of innocence, "counsel nevertheless induced Mr. Crews

---

[8]     In fact, at the sentencing hearing Crews relied upon his willingness to speak with the police as part of his argument for a lower sentence. Sent. Tr. at 15.

to plead guilty because the evidence would result in a conviction by a jury due to a lack of any viable defense." Memorandum at 7.

Crews's request for habeas relief on this claim is due to be denied for many of the same reasons discussed in the Court's analysis of Subclaim One. The record affirmatively refutes Crews's claim that counsel urged him to falsely admit guilt. As noted, Crews stated while under oath that he pled guilty because he was in fact guilty, not because his lawyer had urged him to do so. Plea Tr. at 17; see also Plea Agreement at 12, ¶ 10. He admitted to searching out and downloading child pornography on his computer. Plea Tr. at 18-24; Plea Agreement at 16-20. He acknowledged that his conduct satisfied the elements of the crime of receiving child pornography. Plea Tr. at 24-26; Plea Agreement at 14-15. When asked whether anyone had coerced him into pleading guilty, Crews said no:

THE COURT: … Mr. Crews, is your plea free and voluntary?

THE DEFENDANT: Yes, sir.

THE COURT: Have you decided on your own to plead guilty?

***

THE DEFENDANT: Oh, yes, sir.

THE COURT: Has anyone threatened you or forced you in any way to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made any promises or assurances to you to induce you to plead guilty other than what's in your plea agreement?

THE DEFENDANT: No, sir.

THE COURT: And, Mr. Mosca, as counsel, can you assure the Court that as far as you know, there are no assurances, promises or understandings have been given [sic] to

| | |
|---|---|
| | your client as to the disposition of his case, contrary to what's in the plea agreement? |
| MR. MOSCA: | I can so assure. |
| THE COURT: | All right. And Mr. Brown [Assistant United States Attorney], can you give the same assurance? |
| MR. BROWN: | Yes, Your Honor. And I do give the same assurance. |
| THE COURT: | All right. Thank you, Counsel. |
| | Mr. Crews, you've been represented by Mr. Mosca. Are you satisfied with your attorney and the way he's represented you? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Have you had enough time to talk to your attorney about your case? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you have any complaints about the way you've been treated – |
| THE DEFENDANT: | No, sir. |
| THE COURT: | – which has caused you to plead guilty? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Do you fully understand all the rights in which you waive and give up by pleading guilty? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And have you told the truth this morning? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | All right. And having heard everything I said, sir, is it your final decision to enter a guilty plea to Count Two of your indictment? |
| THE DEFENDANT: | Yes, sir. |

Plea Tr. at 26-27 (emphasis added).

Thus, "the record contains powerful evidence from [Crews] indicating that his guilty plea was knowing and voluntary," Winthrop-Redin, 767 F.3d at 1216, and that he pled guilty because he was in fact guilty. As noted earlier, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 73-74. "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Crews attempts "to counter 'his directly inconsistent former testimony'" only with his own self-serving allegations, which is not enough to warrant even an evidentiary hearing, and is wholly insufficient to warrant relief on the merits. Winthrop-Redin, 767 F.3d at 1217 (quoting Bryan v. United States, 492 F.2d 775, 779-80 (5th Cir. 1974)); see also Matthews v. United States, 533 F.2d 900, 902 (5th Cir. 1976) (Noting in dicta that "the allegations of [a § 2255] petitioner accompanied by his own affidavit are insufficient to mandate an evidentiary hearing in the face of a Rule 11 record detailing statements by the petitioner that his plea was not induced by any threats or coercion.").

Moreover, even after the plea colloquy, Crews continued to acknowledge his guilt. At the sentencing hearing during allocution, Crews stated:

> THE DEFENDANT: Hi, Your Honor. I would like to apologize to the victims, my family, and the Court for my actions. I never intended to cause pain or embarrassment to anyone.
>
> I fully recognize I have committed a serious crime and I should be punished for it. I do understand the

> consequences of my actions and I believe I have been punished to an extent for them.
>
> ***
>
> I've had the time in the last 17 months of detention to reflect upon my actions and the impact that they have had on the victims, my family, and everyone involved in this case.
>
> I have truly learned from my mistakes and deeply regret what I have done. I know what I want and need to do to be a better person and a member of society. I need the chance to prove myself to be a better father and man that [sic] my mother and stepfather raised me to be.
>
> ***
>
> I honestly felt I made the right choice by stopping my criminal activity and completely disposing of everything. Again, I would like to apologize from the depth of my heart for my past actions and pray this Court will have mercy upon me and that I will be given a second chance.

Sent. Tr. at 35-36. Crews had an opportunity to address his alleged innocence in allocution, but he did not. Crews in no way disavowed his guilt. Instead, he admitted his guilt and sought the Court's lenience in sentencing, which he received with a significant downward variance.

In light of this record, Crews has failed to carry the "heavy burden to show his statements [at the plea colloquy] were false." Rogers, 848 F.2d at 168. The record shows that he pled guilty because he was indeed guilty. As such, relief on this ground is due to be denied.

### B. Ground Three: Whether counsel gave ineffective assistance by failing to move to withdraw his guilty plea

Finally, Crews alleges in Ground Three that counsel gave ineffective assistance because "his defense lawyer failed to comply with Petitioner's request to file a motion to withdraw his guilty plea due to actual innocence." Amended Motion to Vacate at 11. Crews

claims that "because of his actual innocence," he "told his counsel about a few weeks after the change of plea hearing that Mr. Crews wanted counsel to file a motion to withdraw the guilty plea based on his actual innocence, but counsel refused to do so." Memorandum at 7. This claim is refuted by the record, lacks merit, and is due to be denied.

First, the record refutes Crews's claim that, due to his alleged innocence, he asked counsel to file a motion to withdraw the guilty plea just a few weeks after the change of plea hearing. At the sentencing hearing, which occurred well after Crews allegedly asked his attorney to move to withdraw the plea, Crews continued to admit his guilt and profess remorse. Sent. Tr. at 35-36. Crews's remarks in allocution contradict the assertion that he had asked counsel to move to withdraw the guilty plea based on actual innocence.

Second, Crews was not prejudiced by counsel not filing a motion to withdraw the guilty plea. Such a motion would have lacked merit in light of the thorough plea colloquy. A court may allow a defendant to withdraw his guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While Rule 11(d)(2)(B) is liberally construed, a defendant does not have an absolute right to withdraw his guilty plea before sentencing. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). Rather, a court considers the totality of the circumstances surrounding the entry of the plea in determining whether a defendant has met his burden of showing a "fair and just reason" for withdrawal. Id. at 472. The Eleventh Circuit has identified four factors to consider: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. However, if the first two factors weigh against the

defendant, a court need not give particular attention to the last two factors. <u>See</u> <u>United States v. Gonzalez–Mercado</u>, 808 F.2d 796, 801 (11th Cir. 1987); <u>see also</u> <u>United States v. Kirksey</u>, 283 F. App'x 714, 715 (11th Cir. 2008).

Additionally, a court must determine that the core concerns of Rule 11 have been satisfied. Specifically, "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." <u>United States v. Freixas</u>, 332 F.3d 1314, 1318 (11th Cir. 2003) (quoting <u>United States v. Lejarde–Rada</u>, 319 F.3d 1288, 1289 (11th Cir. 2003)). In considering these factors, the Court must evaluate "[t]he good faith, credibility, and weight of a defendant's assertions in support of a motion" to withdraw a plea of guilty. <u>United States v. Bing</u>, 387 F. App'x 896, 898 (11th Cir. 2010) (internal quotation marks omitted).

Based on the record of the plea colloquy, Crews has not shown a reasonable probability that the Court would have allowed him to withdraw his guilty plea had counsel moved for the withdrawal. Crews (1) enjoyed the close assistance of counsel when he pled guilty, and (2) the change of plea transcript reflects that his plea was knowing and voluntary, Plea Tr. at 26-27. <u>Buckles</u>, 843 F.2d at 472. These are the two most important factors to consider, <u>Gonzalez-Mercado</u>, 808 F.2d at 801, but the Court adds that allowing Crews to withdraw his plea would have been a waste of judicial resources considering that he had freely and intelligently admitted his guilt. Moreover, the record shows that (1) Crews's guilty plea was free from coercion, Plea Tr. at 26-27; (2) Crews understood the nature of the charge, <u>id.</u> at 10-12; and (3) Crews knew and understood the consequences of pleading guilty, <u>id.</u> at 5-17. <u>See</u> <u>Freixas</u>, 332 F.3d at 1318.

As such, even if Crews did ask counsel to move to withdraw the guilty plea, there is not a reasonable likelihood the Court would have granted such a motion. Therefore, Crews has failed to establish prejudice and he is entitled to no relief on Ground Three.

## IV.     Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Crews seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Crews "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Samuel Franklin Crews's Verified Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 15) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Samuel Franklin Crews, and close the file.

3. If Crews appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of May, 2018.

MARCIA MORALES HOWARD
United States District Judge

Lc19

Copies:

Counsel of Record

Pro se petitioner